IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOSWELL D. STAUSS, #159409                                                                    PETITIONER

VS.                                                        CIVIL ACTION NO.  3:14cv781-CWR-FKB

CAPTAIN DAN SMITH                                                                              RESPONDENT

### REPORT AND RECOMMENDATION

This matter is before the Court on the Respondent's Motion to Dismiss [9] filed pursuant to 28 U.S.C. § 2244(d).  The Petitioner responded with a Letter [10], which the Court will construe as Petititioner's Response to the Motion to Dismiss.  For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

### I.  FACTS AND PROCEDURAL HISTORY

On September 9, 2013, Stauss pleaded guilty to sale of buprenorphine in the Circuit Court of Rankin County, Mississippi. On that same date, the Court sentenced Stauss to a term of twenty (20) years, with twelve (12) years to serve and five (5) years on post-release supervision. [9-1] at 2-3. The Judgment of Conviction and Sentence Instanter was subsequently filed on September 17, 2013. [9-1] at 1.  Respondent argues, and the Petitioner admits in his filings, that he has not filed any motions for post-conviction relief in the Circuit Court of Rankin County. *See* [1] at 2-9. According to Respondent, the Office of the Circuit Clerk of Rankin County has confirmed that Stauss has not filed any motions for post-conviction collateral relief. [9] at 3-4. Respondent also points out that since July 1, 2008, no appeal from a plea of guilty is allowed from the circuit court to the Supreme Court.  Miss. Code Ann. § 99-35-101 (2008).  Accordingly, Stauss's conviction became final when the Circuit Court entered the Judgment of Conviction on September 17, 2013.  *See* Miss. Code Ann. § 99-39-5 (2) (2009).

Stauss filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court when he signed it on October 1, 2014.[1] The State responded with its Motion to Dismiss [9], arguing that the petition is untimely. Petitioner filed a Letter [10], which the Court will construe as his response to the Motion to Dismiss. The Court now turns to consider these filings.

## II.  DISCUSSION

In his petition, Stauss asserts three separate bases for relief in support of his argument that a writ of habeas corpus should be granted in his favor. He first argues that he was forced to plead guilty when he was threatened with a forty-year mandatory sentence, and that he was not allowed to see his discovery. Secondly, he argues that the prosecution did not have any evidence of him selling pills, but only had the informant's statement. Finally, he asserts that the Mississippi Department of Corrections ("MDOC") took away his parole date of November 15, 2015, because of a new law, but has given parole dates to other offenders with the same charge.

The State answered Stauss's petition with a Motion to Dismiss, arguing that his petition was untimely as to grounds one and two. As to ground three, the State argues that parole is a matter of state law and that the applicable Mississippi parole law does not implicate a constitutional right. Alternatively, the State argues that Petitioner has failed to exhaust his state remedies, and, therefore, ground three should be dismissed. Because the Court agrees with the State's arguments, it will not address the merits of Stauss's petition.

---

[1] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

A. GROUNDS ONE AND TWO

Turning to the State's Motion to Dismiss, the State points to 28 U.S.C. § 2244(d) as the source of its position as to grounds one and two. Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Asserting that Stauss's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), the State argues that the petition is untimely. According to the State, Stauss had until September 17, 2014, to file his petition, and, instead,

Stauss signed his habeas petition on October 1, 2014, with the petition being stamp-filed in the District Court on October 8, 2014. The Court finds that the State is correct.

Stauss's conviction became final on September 17, 2013, the date the sentencing court entered the Judgment of Conviction. Under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2), Stauss's application for a writ of habeas corpus was due in this Court within one year, or by September 17, 2014. Stauss's petition was signed on October 1, 2014, and filed in this Court on October 8, 2014. Thus, the petition was filed fourteen to twenty-one days after the September 17, 2014, deadline for filing his federal habeas petition. Furthermore, Stauss admits in his petition, and the Rankin County Circuit Court Clerk's Office confirmed, that Stauss did not file any motions for post-conviction relief. Therefore, Stauss is not entitled to statutory tolling of the federal statute of limitations. Although Stauss asserts in his Letter [10] that his § 2254 petition was the first opportunity to appeal, he cites no "rare and exceptional circumstances" justifying equitable tolling.[2]  Accordingly, grounds one and two of his petition are untimely under 28 U.S.C. § 2244, and, therefore, must be dismissed.

## B.  GROUND THREE

Turning to his ground three, it appears that Stauss complains that his parole date has been taken away from him. In his petition, he admits that he has not pursued state remedies regarding

---

[2] "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999)(quoting *Rashidi v. American President Lines*, 96 F.3d 124 128 (5th Cir. 1996). "Equitable tolling will be granted in 'rare and exceptional circumstances, ' and will not be granted if the applicant failed to diligently pursue his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004)(citations omitted); *see also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999)(In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.). Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing. *Larry v. Dretke*, 361 F.3d at 897.

this issue, [1] at 8, and in his Letter [10], he admits that the "Parole Board has the ultimate authority on this matter." [10] at 2.

The Court notes that "[a] state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 118 (1981). Federal courts have "long recognized that a 'mere error of state law' is not a denial of due process. If the contrary were true, then 'every erroneous decision by a state court on state law would come [to this Court] as a federal constitutional question.'" Id. at 121 n. 21(citations omitted).

The United States Court of Appeals for the Fifth Circuit has held that Mississippi's parole statute, Miss. Code Ann. § 47-7-3, is discretionary and does not create any constitutionally protected liberty interest. *Irving v. Thigpen*, 732 F.2d 1215, 1217-1218 (5th Cir. 1984)("We hold here . . . that the Mississippi statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach."). This conclusion was reiterated in *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987)(*per curiam*)("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest.").

Likewise, because parole under Mississippi law is discretionary, Stauss does not have a federal constitutionally-protected liberty interest in a parole date, and his claim to a specific parole date does not implicate, nor is it protected by, the Due Process Clause. Rather, the issue raised by Stauss is a matter of state law, and this Court "will not review a state court's interpretation of its own law in a federal habeas corpus proceeding." *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).

Moreover, Petitioner admits that he has not exhausted his claims in state court as to this issue. It is well-settled that applicants seeking federal habeas relief under section 2254[3] are required to exhaust all claims in state court prior to requesting federal collateral relief. See *Edwards v. Carpenter*, 120 S.Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Accordingly, for these reasons, this ground fails to provide a basis for habeas relief.

### III.  CONCLUSION

Accordingly, as discussed above, the Respondent's Motion to Dismiss should be granted, and this case should be dismissed with prejudice.

---

[3]Section 2254 provides, in relevant part, that:

(b)    (1)An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
- (A) the applicant has exhausted the remedies available in the courts of the State; or
- (B)    (i) there is an absence of available State corrective process; or
  - (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c)(1996).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 4th day of August, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE